# EXHIBIT 1

**SUM-100**

# SUMMONS
## (CITACIÓN JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
First Data Merchant Services Corporation, a Florida corporation; Wells
Fargo Bank, N.A.; a National Association; and Does 1 to 100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Green Payment Solutions, LLC, a California limited liability company

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

JAN 19 2018

Sherri R. Carter, Executive Officer/Clerk

By Shaunya Bolden, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Stanley Mosk Courthouse<br>111 N. Hill Street, Los Angeles, CA 90012 | **CASE NUMBER:**<br>*(Número del Caso):*<br>BC 690563 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Eugene Rome (SBN 232780), 2029 Century Park East, Suite 450, LA, CA 90067, Tel: 310-282-0690

DATE: JAN 19 2018        SHERRI R. CARTER        Clerk, by SHAUNYA BOLDEN        , Deputy
*(Fecha)*        *(Secretario)*        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* First Data Merchant Services Corporation

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)        ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1

**ROME & ASSOCIATES, A.P.C.**
Eugene Rome (SBN 232780)
erome@romeandassociates.com
Sridavi Ganesan (SBN 216129)
sganesan@romeandassociates.com
2029 Century Park East, Suite 450
Los Angeles, California 90067
Telephone: (310) 282-0690
Facsimile: (310) 282-0691

2

3

4

5

6

Attorneys for Plaintiff
GREEN PAYMENT SOLUTIONS, LLC

7

8

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JAN 19 2018

Sherri R. Carter, Executive Officer/clerk

By Shaunya Bolden, Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9

**COUNTY OF LOS ANGELES**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GREEN PAYMENT SOLUTIONS, LLC, a
California limited liability company,

        Plaintiff,

    v.

FIRST DATA MERCHANT SERVICES
CORPORATION, a Florida corporation;
WELLS FARGO BANK, N.A., a National
Association; and DOES 1 to 100,

        Defendants.

Case No.:   BC 6 9 0 5 6 3

**COMPLAINT FOR:**

1. **BREACH OF CONTRACT;**
2. **CONVERSION;**
3. **INTENTIONAL INTERFERENCE
   WITH PROSPECTIVE ECONOMIC
   RELATIONS;**
4. **UNFAIR COMPETITION;**
5. **ACCOUNTING; and**
6. **DECLARATORY RELIEF**

**DEMAND FOR A JURY TRIAL**

COMPLAINT

1   Plaintiff GREEN PAYMENT SOLUTIONS, LLC ("Green Payment") alleges as follows:

2   **PARTIES**

3       1.     Green Payment, at all times herein relevant, is and was a limited liability company

4   organized under the laws of the State of California, with its principal place of business in Los

5   Angeles County, in the State of California.

6       2.     Defendant First Data Merchant Services Corporation ("FDMS") is a corporation

7   organized under the laws of the State of Florida, with its principal place of business in Atlanta,

8   Georgia.  FDMS surrendered its right to transact business in the State of California in May 2016,

9   but yet continues to conduct business in California and regularly enters into business contracts in

10  California with California businesses, including those located in Los Angeles County, such as

11  Green Payment.

12      3.     Defendant Wells Fargo Bank, N.A, ("Wells Fargo") is a National Association with

13  its principal place of business in San Francisco, California.  Wells Fargo regularly conducts

14  business in Los Angeles County.

15      4.     The true names and capacities, whether individual, plural, corporate, partnership,

16  associate, or otherwise, of DOES 1 through 100, inclusive, is unknown to Green Payment who

17  therefore sues said defendants by such fictitious names.

18      5.     Green Payment is further informed and believes, and thereon alleges, that

19  Defendants, including DOES 1 through 100, inclusive, were agents, servants, employees,

20  successors in interest, and/or joint venturers of their co-defendants, and were, as such, acting

21  within the course, scope, and authority of said agency, employment and/or venture, and that each

22  and every defendant, as aforesaid, when acting as a principal, was negligent in the selection of

23  each and every other defendant as an agent, servant, employee, successor in interest, and/or joint

24  venturer.

25      6.     Green Payment is informed and believes and thereon alleges that each of the

26  defendants designated herein as DOE took part in and participated with each Defendant in all

27  matters referred to herein and was in some manner responsible for the injuries and losses suffered

28

1  by Green Payment.

2      7.      Green Payment is informed and believes and thereon alleges that Defendants

3  formed a conspiracy for the purpose of unlawfully advancing Defendants' own agenda in harming

4  Green Payment. The purpose of the conspiracy was to accomplish the acts alleged herein, hereby

5  incorporated by reference. Pursuant to the conspiracy, each of the Defendants (1) had knowledge

6  of and agreed to both the objective of the conspiracy and wrongful acts in furtherance of the

7  conspiracy; (2) committed wrongful acts, including aiding and abetting, in furtherance of the

8  conspiracy; and (3) caused Green Payment to sustain damage as a result of the conspiracy.

9  **VENUE AND JURISDICTION**

10      8.      This Court has jurisdiction over the action under Article 6, Section 10 of the

11  California Constitution, and Section 410.10 of the California Code of Civil Procedure. This Court

12  has personal jurisdiction over FDMS and Wells Fargo (collectively, "Defendants") because

13  Defendants contracted with Green Payment in California, and because Wells Fargo's principal

14  place of business is in California.  Green Payment is informed and believe and based thereon

15  alleges that this Court has jurisdiction over the subject matter of this lawsuit because the amount

16  in controversy, exclusive of interest and costs, exceeds the $25,000 minimum jurisdictional limit

17  of the Court.

18      9.      Venue is proper within this judicial district under Section 395 of the California

19  Code of Civil Procedure because a substantial part of the acts, conduct, events or omissions

20  occurred within the County and City of Los Angeles, and because Green Payment sustained the

21  financial impact of Defendants' acts and omissions in this judicial district.

22  **GENERAL ALLEGATIONS**

23      10.      Most businesses require the ability to process credit and debit card payments by

24  customers in order to sell their goods and services.  In order to obtain access to the card payments

25  system, such businesses (known as "merchants" in the card payments industry) must open a

26  "merchant account" by entering into a contract (known as a "merchant agreement") with a

27  member bank of MasterCard International, Inc., Visa USA, Inc., Discover Financial Services,

28

1  LLC, American Express and/or other networks (collectively the "Card Brands"). Such member

2  banks have direct agreements with the Card Brands that enable them to process card payments on

3  behalf of merchants. This process is called "acquiring" and the banks are often referred to as

4  "acquirers."

5       11.    Acquirers, in turn, may contract with various types of third-party organizations as

6  service providers to provide merchant processing services under the acquirer's sponsorship with the

7  Card Brands. The Card Brands categorize such third party service providers based upon the nature

8  of services they are registered to perform on behalf of the acquirer. For example, Independent Sales

9  Organizations ("ISOs") perform merchant solicitation services, application processing, customer

10  service and related services. Processors, on the other hand, are allowed to perform more substantive

11  payment processing services, such as transaction authorization services, settlement processing

12  merchant statement preparation, fraud control and risk monitoring and chargeback processing

13  services.

14       12.    Here, Wells Fargo is an acquiring bank that sponsors FDMS as a Processor, and

15  sponsored Green Payment as an ISO, to provide merchant services on its behalf.

16       13.·   On or about May 24, 2011, Green Payment, on the one hand, and Defendants, on

17  the other hand, entered into a Marketing Agreement whereby Green Payment agreed to market

18  Defendants' processing services to prospective merchants to persuade them to execute merchant

19  agreements with Defendants, in exchange for commissions or residuals to be paid from

20  Defendants' revenue derived from the referred merchants' processing activity. A true and correct

21  copy of the Marketing Agreement is attached hereto as Exhibit "A" and incorporated herein by

22  reference as though set forth in full.[1]

23       14.    The Marketing Agreement provides for an initial term through November 30, 2016,

24  with successive automatic renewal terms of two-years each absent notice by either party of non-

25

26  _____

[1]    The Marketing Agreement is being substantially redacted to comply with the
confidentiality clause stated therein. The select clauses subject of the claims asserted in this
27  complaint are left unredacted. A complete, unredacted copy of the Marketing Agreement will be
filed with the Court under seal.
28

1 | renewal at least six months prior to the expiration of the then-current term.

2 |     15.    The Marketing Agreement requires Defendants to continue making post-
3 | termination residual payments to Green Payment upon the non-renewal or earlier termination of
4 | the Marketing Agreement for any reason – except in the event of a termination of the Marketing
5 | Agreement by Defendants for (i) "Material" breach of the Marketing Agreement that is not cured
6 | by Green Payment within 30 days of receipt of written notice from Defendants; (ii) repeated
7 | breach of Card Brand rules by Green Payment; or (iii) fraudulent activity by Green Payment.
8 | Implicit in the terms of the termination provision of the Marketing Agreement is the understanding
9 | that Defendants must notify Green Payment of any "material breach" of the Marketing Agreement
10 | to afford it an opportunity to cure the breach before terminating for cause.

11 |     16.    The Marketing Agreement provides that, upon its non-renewal or earlier
12 | termination for any reason, Defendants shall be responsible for all servicing of merchants and
13 | rendering all services under the associated merchant agreements.

14 |     17.    Approximately half way through the first renewal term, on or about November 1,
15 | 2017, Green Payment's President, Richard Cha, contacted Joyce Adams of FDMS to negotiate a
16 | more competitive rate structure under the Marketing Agreement. As Mr. Cha communicated to
17 | Ms. Adams, Green Payment intended to terminate the Marketing Agreement by serving written
18 | notice of non-renewal in the event these negotiations proved unsuccessful and FDMS refused to
19 | agree to more favorable rates. By doing so, Green Payment would have preserved its right to
20 | receive post-termination residuals without any further obligation to service the merchant
21 | relationships pursuant to Section 18(d) of the Marketing Agreement.

22 |     18.    During these same discussions, on or about November 1, 2017, Mr. Cha also
23 | informed Ms. Adams that he wanted to change Green Payment's name to BLVD Payments. By
24 | way of background, Green Payment has owned the domain <greenpayllc.com> since 2011, which
25 | it uses to board Israeli merchants that are involved in the green building and solar industry.
26 | Coincidentally, there is a company called Green Pay LLC that is one of the go-to payment
27 | processors in the cannabis industry. As a result, a search for Green Pay LLC on Google shows

28

1  Green Payment as a top search result. This unfortunate circumstance has caused Green Payment

2  to receive a significant number of **unsolicited** in-bound calls from merchants providing marijuana-

3  related products over the years. Therefore, as Mr. Cha explained to Ms. Adams, Green Payment

4  sought to change its name in order to eliminate any potential for confusion among prospective

5  merchants between Green Payment and Green Pay LLC and thereby put an end to further calls

6  from prospective merchants in the cannabis industry.

7        19.    As of November 29, 2017, Green Payment had developed a merchant portfolio of

8  617 active merchant accounts with Defendants, and was earning monthly residuals of

9  approximately $120,000 pursuant to the Marketing Agreement.

10        20.    On November 29, 2017, Ms. Adams sent Mr. Cha a letter notifying him that FDMS

11  was terminating the Marketing Agreement for cause effective immediately. The letter asserts that,

12  "FDMS recently audited your ISO portfolio and discovered that Green is in material breach of the

13  Agreement by **continuing** to board merchant accounts that are defined as unqualified or

14  unacceptable businesses under the Agreement." (Emphasis added). The letter also cites to

15  subsections (b)(ii) and (b)(iii) of the Marketing Agreement, which respectively allow FDMS to

16  terminate the Marketing Agreement immediately for repeated breach of Card Brand rules and

17  fraudulent activity by Green Payment, without any further obligation to pay post-termination

18  residuals.

19        21.    According to Ms. Adams, FDMS determined that, out of 617 total merchant

20  accounts boarded during the parties' business relationship, Green Payment had boarded 57 "high-

21  risk" merchant accounts operating in the medical marijuana, Kratom, drug paraphernalia and

22  money transfer industries, in material breach of the Marketing Agreement, and in violation of Card

23  Brand rules. Ms. Adams further advised that, based on this determination, FDMS was terminating

24  the Marketing Agreement for cause, assuming responsibility for servicing all merchant accounts

25  boarded during the parties' business relationship, and ceasing payment of **all** residuals to Green

26  Payment post-termination. The letter also asserts that, under the Marketing Agreement, Green

27  Payment is prohibited from soliciting merchants for a period of 36 months following termination.

28

1  A true and correct copy of the November 29, 2017 FDMS termination letter from Ms. Adams to

2  Mr. Cha is attached hereto as Exhibit "B" and incorporated herein by this reference as though set

3  forth in full.

4       22.    At no point prior to this letter did Defendants ever notify Green Payment, either

5  orally or in writing, that Green Payment had materially breached the Marketing Agreement and/or

6  violated any Card Brand rule.  Moreover, Green Payment denies that it violated the Marketing

7  Agreement by soliciting or knowingly boarding any prohibited merchant with Defendants at any

8  point in time during the course of their business relationship.

9       23.    Based on the surrounding circumstances, the timing of Defendants' actions, the

10  lack of any prior notice by Defendants regarding any potential breach of the Marketing Agreement

11  or potential violation of Card Brand rules by Green Payment, and Defendants' failure to provide

12  Green Payment with any opportunity to cure any alleged breach of the Marketing Agreement or

13  Card Brand rules, Green Payment believes that Defendants fabricated a pretext for terminating the

14  Marketing Agreement "for cause" to wrongfully deprive Green Payment of its continuing residual

15  rights in response to Green Payment's attempt to negotiate better rates with Defendants and in

16  anticipation of Green Payment's likely non-renewal of the Marketing Agreement.  Adding insult

17  to injury, Defendants further informed Green Payment that they will be taking over the merchant

18  servicing for all merchants, even ones whose processing activity was entirely unobjectionable,

19  thereby complete cutting Green Payment out of the compensation structure resulting from

20  processing consummated by these merchants.  By doing so, Defendants knowingly and

21  intentionally breached their contractual obligations to Green Payment in bad faith, wrongfully

22  converted Green Payment's residuals to their own benefit, tortiously interfered with Green

23  Payment's business relationships with its merchants, engaged in conversion and conduct

24  constituting unfair competition in violation of California Business and Professions Code Section

25  17200, *et seq*.

26

27

28

**FIRST CAUSE OF ACTION**

**BREACH OF CONTRACT**

**(Against All Defendants)**

24. Green Payment repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

25. On May 24, 2011, Green Payment entered into the Marketing Agreement with Defendants as alleged above.

26. Under the Marketing Agreement, Green Payment agreed to market Defendants' processing services to prospective merchants to persuade them to execute merchant agreements with Defendants, in exchange for commissions or residuals to be paid from Defendants' revenue derived from each merchant's processing activity.

27. The Marketing Agreement, like all contracts, contains an implied covenant of good faith and fair dealing such that neither party is to unfairly deprive the other of the expected benefits of the contract.

28. On November 29, 2017, Defendants breached the Marketing Agreement by failing to give Green Payment notice and an opportunity to cure a "material breach" of the Marketing Agreement, before terminating the Marketing Agreement for cause.

29. Defendants also breached the implied covenant of good faith and fair dealing inherent in the Marketing Agreement by using the claim that some of the merchants referred by Green Payment and approved by Defendants for processing were engaged in businesses from unapproved industries as a pretext to terminate the Marketing Agreement for cause and deprive Green Payment of all residuals due to it, including those from its legitimate merchants.

30. Green Payment performed all conditions, terms, covenants and agreements due under the Marketing Agreement, except those conditions, terms, covenants and agreements the performance of which Defendants excused, waived or rendered it impossible to perform.

31. As a direct and proximate cause of Defendants' breach of the Marketing Agreement, Green Payment has suffered damages in an amount to be proved at trial, but which

8

COMPLAINT

1  Green Payment is informed and believes and based thereupon alleges exceed the jurisdictional

2  minimum.

### SECOND CAUSE OF ACTION

### CONVERSION

### (Against All Defendants)

6      32.    Green Payment repeats and re-alleges each and every allegation contained in the

7  preceding paragraphs of this Complaint as though fully set forth herein.

8      33.    Pursuant to the Marketing Agreement, Green Payment is entitled to residuals

9  derived from Defendants' revenue from each merchant's processing activity.

10      34.    Since the termination notice sent by Defendants' on November 29, 2017,

11  Defendants have withheld and exercised wrongful dominion over the residuals owed to Green

12  Payment from the processing activities of its 617 merchants boarded with Defendants.

13      35.    Green Payment has demanded payment of these residuals.  Despite Green

14  Payment's demands, Defendants have failed to return any such funds to Green Payment, and have

15  instead wrongfully retained possession of such funds.

16      36.    Given that the termination of the Marketing Agreement was committed in bad faith,

17  Defendants have no justification for withholding the residuals, including those derived from the

18  vast majority of merchants boarded by Green Payment to which Defendants offer no objection.

19      37.    Defendants knowingly and intentionally continue to exercise dominion over Green

20  Payment's property by wrongfully retaining residuals owed to Green Payment.   Green Payment is

21  informed and believes and based thereon allege that Defendants have withheld and continue to

22  withhold monies totaling several hundred thousand dollars, which amount will continue to

23  increase as long as Green Payment's merchants continue to process credit card transactions with

24  Defendants.

25      38.    As a direct and proximate result of Defendants' actions, Green Payment has

26  suffered damages in an amount in excess of the jurisdictional minimum of this Court.

27      39.    Defendants' wrongful acts as described herein were intentional, malicious,

28

1   oppressive and fraudulent, and were committed with reckless disregard of harm to Green Payment

2   and in willful and conscious disregard of Green Payment's rights, such that Green Payment is

3   entitled to recover punitive damages against Defendants in an amount that is sufficient and

4   appropriate to punish them as well as to deter them from committing similar acts in the future.

5                                **THIRD CAUSE OF ACTION**

6   **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS**

7                                **(Against all Defendants)**

8          40.     Green Payment repeats and re-alleges each and every allegation contained in the

9   preceding paragraphs of this Complaint as though fully set forth herein.

10         41.     Green Payment was in an economic relationship with each of the merchants in its

11  portfolio of merchants whom it boarded with Defendants for credit card processing.  These

12  relationships did generate substantial economic benefits to Green Payment and, further, would

13  have generated further economic benefits to Green Payment absent Defendants' interference.

14         42.     Defendants were aware of these contractual relationships as Defendants paid

15  residuals to Green Payment from the credit card transactions of Green Payment's merchants.

16         43.     Defendants interfered with Green Payment's economic relationships with its

17  merchants by, pursuant to a wrongful and fraudulent pretext, exercising control over these

18  relationships and cutting Green Payment out of the entitled to compensation for the subject

19  merchants.  As a result, Defendants are preventing Green Payment from referring these merchants

20  to alternate processors who would compensate Green Payment for the subject referrals while

21  simultaneously keeping for themselves that portion of the referral fees which are owed and should

22  be paid over to Green Payment.

23         44.     Defendants' actions were intentional, and constitute a deliberate interference with

24  Green Payment's economic relationships in that, but for the illicit acts as alleged herein, Green

25  Payment would have otherwise continued to earn residual income, and would have been able to

26  continue a business relationship with these merchants.

27         45.     As a direct result of the Defendants' interference with Green Payment's economic

28

1 | relations as alleged above, Green Payment has suffered damages in an amount exceeding the
2 | jurisdictional minimum of this Court.

3 |     46.     Defendants' wrongful acts as described herein were intentional, malicious,
4 | oppressive and fraudulent, and were committed with reckless disregard of harm to Green Payment
5 | and in willful and conscious disregard of Green Payment's rights, such that Green Payment is
6 | entitled to recover punitive damages against Defendants in an amount that is sufficient and
7 | appropriate to punish them as well as to deter them from committing similar acts in the future.

8 | **FOURTH CAUSE OF ACTION**

9 | **UNFAIR COMPETITION**

10 | **(Violation of Cal. Bus. & Prof. Code § 17200 *et. seq.* Against all Defendants)**

11 |     47.     Green Payment repeats and re-alleges each and every allegation contained in the
12 | preceding paragraphs of this Complaint as though fully set forth herein.

13 |     48.     Defendants have violated Cal. Bus. & Prof. Code § 17200 *et. seq.* by engaging in
14 | unlawful, unfair or fraudulent business acts or practices. Specifically, Defendants have unlawfully
15 | interfered with Green Payment's merchant relationships by terminating the Marketing Agreement
16 | for cause in bad faith under false pretenses.

17 |     49.     Defendants' acts of unlawful, unfair, and fraudulent competition have caused harm
18 | to competition and to Green Payment. Green Payment has suffered, and is continuing to suffer,
19 | substantial economic harm, loss of goodwill and reputational harm as a result of Defendants'
20 | wrongful conduct, all in an amount to be proved at trial. Green Payment is entitled to restitution
21 | for losses it has suffered as a result of Defendants' wrongful conduct as well as injunctive relief.

22 | **FIFTH CAUSE OF ACTION**

23 | **ACCOUNTING**

24 | **(Against All Defendants)**

25 |     50.     Green Payment repeats and re-alleges each and every allegation contained in the
26 | preceding paragraphs of this Complaint as though fully set forth herein.

27 |     51.     Pursuant to the Marketing Agreement, Defendants have a duty to properly report,

28 |

1 account for, and distribute residuals to Green Payment as derived from the payment processing

2 activity of merchants boarded by Green Payment with Defendants.

3     52.    Defendants have exclusive control over and access to information related to Green

4 Payment's residuals.

5     53.    Defendants have refused and are denying payment of these residuals to Green

6 Payment in bad faith due to their wrongful act of terminating the Marketing Agreement for cause

7 as described above.

8     54.    Defendants must account for and make residual payments to Green Payment.

9     55.    Accordingly, Green Payment is entitled to an accounting regarding the exact

10 amount of the residuals presently due to Green Payment, and that will be due in the future.

11 **SIXTH CAUSE OF ACTION**

12 **DECLARATORY RELIEF**

13 **(Against all Defendants)**

14     56.    Green Payment repeats and re-alleges each and every allegation contained in the

15 preceding paragraphs of this Complaint as though fully set forth herein.

16     57.    As alleged above, an actual controversy exists between the parties regarding their

17 respective rights and obligations under the Marketing Agreement, specifically whether Defendants

18 wrongfully terminated the Marketing Agreement for cause, and whether Green Payment is entitled

19 to residuals owed from the credit card processing of its 617 merchants (including the vast majority

20 of legitimate merchants to which Defendants offer no objection) boarded with Defendants.

21     58.    Green Payment requests a declaration with respect to the foregoing.

22 **PRAYER FOR RELIEF**

23 Green Payment prays for judgment against Defendants as follows:

24     1.    For monetary damages, plus appropriate consequential and incidental out-of-pocket

25 damages, in an amount in excess of the jurisdictional minimum;

26     2.    For an award of punitive damages against Defendants;

27     4.    For an award of attorney fees;

28

5.     For a full and complete accounting of all amounts presently owed by Defendants to Green Payment, and amounts that will become due in the future;

6.     For injunctive relief;

7.     For a declaration that Defendants' wrongfully terminated the Marketing Agreement for cause;

8.     For an award of costs;

9.     For prejudgment interest, according to proof; and

10.    For such other and further relief as this Court may deem just and proper.

Dated: January 18, 2018

ROME & ASSOCIATES, A.P.C.
Eugene Rome

By: _____
        EUGENE ROME
        SRIDAVI GANESAN
Attorneys for Plaintiff GREEN
PAYMENT SOLUTIONS LLC

## DEMAND FOR JURY TRIAL

Plaintiff GREEN PAYMENT SOLUTIONS, LLC hereby demands a trial by jury as to all causes of action so triable.

Dated:  January 18, 2018

ROME & ASSOCIATES, A.P.C.
Eugene Rome

By: _____
　　　　EUGENE ROME
　　　　SRIDAVI GANESAN
Attorneys for Plaintiff GREEN
PAYMENT SOLUTIONS, INC.

14
COMPLAINT

# Exhibit A

## MARKETING AGREEMENT

This Marketing Agreement dated as of __5\24__, 2011 (the "Effective Date") is by and between Green Payment Solutions, LLC doing business as Green Payment Solutions ("ISO" or "Customer"), First Data Merchant Services Corporation ("FDMS"), and Wells Fargo Bank, N.A. ("Bank") (this "Agreement").

### RECITALS

A.  FDMS and Bank (together, the "Service Providers") have established and maintain a Program for the processing and settlement of Bank Card Transactions.

B.  Service Providers wish to contract with ISO to market the Program to prospective Merchants, and ISO is willing to perform such services, on the terms and conditions set forth in this Agreement.















Page 7















18. **Renewal and Termination.**

    (a)  The initial term of this Agreement shall commence on the Effective Date and continue for five (5) Processing Years through November 30, 2016 (the "Initial Term").  Thereafter, this Agreement will be automatically renewed for successive terms of two (2) Processing Years each unless either party provides written notice to the other at least six (6) months prior to the expiration of the then-current term.

    (b) Service Providers shall have the right to immediately terminate this Agreement by written notice upon the occurrence of any of the following:

        (i)     Material breach of this Agreement by ISO which is not cured by ISO within thirty (30) days of receipt of written notice from Service Providers;

        (ii)     Repeated breach of any Rule by ISO, or breach of any Material Rule by ISO;

(iii)     Fraudulent activity by ISO;

(iv)     Termination of Bank's status as a licensed full processing bank or the insolvency of Bank;

(v)     Termination of the Bank's relationship with FDMS generally or with respect to ISO;

(vi)     Deregistration of ISO by MasterCard or VISA;

(vi)     Cessation by Service Providers of Bank Card operations;

(vii)     Insolvency or bankruptcy of ISO which is not dismissed within sixty (60) days; or

(viii)     If at any time and in good faith, Service Providers reasonably believe that there has been a Material adverse change in ISO's financial condition or there is any Material impairment in the prospect of performance by ISO of any of its obligations under this Agreement; or

(ix)     Any action by ISO deemed to be injurious to Bank, Cardholders, MasterCard, VISA, Discover or any other Bank Card association with respect to which Merchants submit Transactions for processing under this Agreement or to Bank or FDMS' relationship with Bank

(c) ISO shall have the right to immediately terminate this Agreement by written notice upon the occurrence of any of the following:

(i)     Material breach of this Agreement by Service Providers which is not cured by Service Providers within thirty (30) days of receipt of written notice from ISO; or

(ii)     Insolvency or bankruptcy of either of Service Providers which is not dismissed within sixty (60) days.

(d) Upon the nonrenewal or earlier termination of this Agreement for any reason:

(i)     ISO will promptly discontinue its promotion and recommendation of the Program; and

(ii)     Service Providers will be responsible for all servicing of Merchants and rendering all services under the Merchant Agreements (including setting Merchant pricing).

(iii)     Service Providers' obligation to make residual payments to ISO under Section 9 will continue after the effective date of nonrenewal or termination of this Agreement until such time as the total amount of any residual paid to ISO under Section 9 in any calendar month is less than $5000, after which time such obligation will cease and Service Providers will own all Merchant Agreements developed by ISO under this Agreement free and clear; provided, however, that Service Providers' obligation to make residual payments to ISO under Section 9 will cease upon the effective date of termination if Service Providers terminate this Agreement pursuant to Section 18(b)(i), 18(b)(ii), or 18(b)(iii). Notwithstanding any other provisions in this Agreement, if Service Providers suffer a monetary loss that is subject to reimbursement by ISO under this Agreement and could cause ISO to have its residual payments terminated under this Agreement, then as to any monetary loss suffered by Service Providers that is subject to reimbursement by ISO, Service Providers shall be entitled to use the residual payments due to ISO under this Agreement to pay for such monetary losses. Once any such obligation has been extinguished, ISO shall again be entitled to receive its residual payments as set forth under this

Agreement. ISO shall also have the option to pay any such monetary losses and said action will result in Service Providers continuing to pay ISO residual payments under this Agreement in accordance with this Section 18(d)(iii). For the avoidance of any doubt, in the event residual payments are renewed in accordance with this Section 18(d)(iii), this Agreement shall remain terminated.

   (iv)  ISO shall continue to comply with the Nonsolicitation Obligation after the effective date of nonrenewal or termination of this Agreement until such time as Service Providers cease making residual payments to ISO under Section 9; provided, however, that if Service Providers terminate this Agreement pursuant to Section 18(b)(i), 18(b)(ii), 18(b)(iii) or 18(b)(v), then ISO's obligation to comply with the Nonsolicitation Obligation will continue for thirty-six (36) months after the effective date of nonrenewal or termination of this Agreement.







In consideration of the foregoing, the parties hereby execute this Agreement.

Green Payment Solutions, LLC

By: _____
Name: Richard Chen
Title: President

First Data Merchant Services Corporation

By: _____
Name: Noel Fundora
Title: VP partner sales

Wells Fargo Bank, N.A

By: _____
Name: Nicole Cotten
Title: VP

Exhibit B

# First Data.

*Sent via Email and FedEx*
*richard@greenpayment.com*

November 29, 2017

Green Payment Solutions, LLC
Richard Lee Cha
6400 Laurel Canyon Blvd.
Suite # 200
North Hollywood, CA 91606

RE:     Notice of Termination – Marketing Agreement dated May 24, 2011 by and between
        Green Payment Solutions, LLC (Green or ISO), First Data Merchant Services, LLC[1]
        (FDMS) and Wells Fargo Bank, N.A. (Bank) (FDMS and Bank are collectively,
        Service Providers) (the Agreement)[2]

Dear Mr. Cha,

FDMS recently audited your ISO portfolio and discovered that Green is in material breach of the
Agreement by continuing to board merchant accounts that are defined as unqualified or
unacceptable businesses[3] under the Agreement.  As such, **effective immediately**, FDMS is
terminating the Agreement for cause.[4]

Soliciting and boarding merchant accounts for unqualified businesses and from unacceptable
industries is expressly prohibited under the Agreement.[5]  This is in part due to Bank Card Rules and
CardBrand regulations.  Further, this conduct exposes FDMS, its sponsor Bank, Card holders and
the CardBrands to significant financial and reputational risk.

In this instance, during the audit FDMS discovered Green recently boarded approximately 57 high
risk merchant accounts, operating in the medical marijuana, Kratom, drug paraphernalia[6] and money
transfer services industries.  These accounts were not only boarded in material breach of the
Agreement, but they are also likely to be deemed illegal, have the high potential for excessive
chargebacks and violate the CardBrand rules.[7]



Therefore, as noted above, the Agreement is terminated for cause.  As a result, Service Providers
will be responsible for rendering all services to the Merchants boarded during the parties' business
relationship, in accordance with their respective merchant agreements.[8]  In addition, Green will no

---

[1] f/k/a First Data Merchant Services Corporation.
[2] Including all addenda, amendments, replacement agreements & assignments thereto.
[3] See Schedule B, "Unacceptable Business" of the Agreement.
[4] See Sections §18(b)(ii), §18(b)(iii) & §18(b)(ix).
[5] Generally, the Agreement prohibits Green from soliciting and boarding merchant accounts that participate in industries that are:
   -    Illegal or likely to be deemed illegal;
   -    Fraudulent; and
   -    Has high potential for excessive chargebacks or where experience has demonstrated high losses or high
        chargebacks
[6] An additional 130 merchant accounts were identified that we believe are also in the business of selling drug paraphernalia.
[7] See Schedule B, "Unacceptable Business" of the Agreement.
[8] Including setting Merchant pricing.

Green Payment Solutions – Termination Notice
Richard Cha
November 29, 2017
Page 2

longer be paid residuals.  To that end, you are also prohibited from soliciting any Merchant(s) boarded under the Agreement, for the purpose of providing alternate Processing services.  Green's Non-solicitation obligation continues for thirty-six (36) months following this termination.[9]  Green must also immediately discontinue its promotion and recommendation of the Program.

Notably, Service Providers will also deregister Green with Visa and MasterCard, as a member service provider and Independent Sales Organization.  Therefore, you must discontinue using the names or Marks[10] of the Bank, First Data Corporation, First Data Merchant Services, LLC and/or First Data Independent Sales (collectively, "First Data"), for any purpose.  This means without limitation that you may no longer: i) distribute any materials bearing the Marks; ii) place or in any way utilize advertising bearing the Marks; iii) utilize the Bank's or First Data name to advance your own interests; or iv) represent yourself as having any relationship to Bank or First Data.  The referenced names or Marks must also be immediately removed from the public record.  This includes, but is not limited to, website(s), yellow page(s) and telephone numbers associated with Service Providers.  In addition, materials in Green's possession that reference the names or Marks should be immediately destroyed or returned to:

> Attention:  CTS Holdings, LLC Legal Department
> Address:    5775 DTC Blvd
>             Suite 100 N
>             Greenwood Village, CO 80111.

I trust this notice is clear, with respect to the termination of the Agreement and the Parties' respective obligations moving forward.  However, should you have questions or wish to discuss this matter further, please don't hesitate to contact me at 214-257-2430 or via e-mail at Joyce.Adams@firstdata.com.

This Notice is without waiver of any position, right, claim or defense available to Service Providers under the Agreement, in law or equity—all of which are expressly reserved.

Sincerely,

Joyce Adams
Client Business Executive

Cc: Charles Bishota – Via Email Only
Cc: Stacy Salame – Via Email Only

---

[9] See Section §18(d)(iv).
[10] As defined in Section 16(a) of the Marketing Agreement.

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE - IC

Case Number _____

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT** BC 6 9 0 5 6 3

Your case is assigned for all purposes to the judicial officer indicated below.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|
| Hon. Debre K. Weintraub | 1 | 534 | | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Barbara A. Meiers | 12 | 636 | | Hon. Deirdre Hill | 49 | 509 |
| Hon. Terry A. Green | 14 | 300 | | Hon. Teresa A. Beaudet | 50 | 508 |
| Hon. Richard Fruin | 15 | 307 | | Hon. Michael J. Raphael | 51 | 511 |
| Hon. Rita Miller | 16 | 306 | | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Richard E. Rico | 17 | 309 | | Hon. Howard L. Halm | 53 | 513 |
| Hon. Stephanie Bowick | 19 | 311 | | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Dalila Corral Lyons | 20 | 310 | | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Robert L. Hess | 24 | 314 | | Hon. Michael Johnson | 56 | 514 |
| Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. John P. Doyle | 58 | 516 |
| Hon. Barbara Scheper | 30 | 400 | | Hon. Gregory Keosian | 61 | 732 |
| Hon. Samantha Jessner | 31 | 407 | | Hon. Michael L. Stern | 62 | 600 |
| Hon. Daniel S. Murphy | 32 | 406 | | Hon. Mark Mooney | 68 | 617 |
| Hon. Michael P. Linfield | 34 | 408 | | Hon. William F. Fahey | 69 | 621 |
| Hon. Gregory Alarcon | 36 | 410 | | Hon. Monica Bachner | 71 | 729 |
| Hon. Marc Marmaro | 37 | 413 | | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. Rafael Ongkeko | 73 | 733 |
| Hon. Elizabeth Feffer | 39 | 415 | | Hon. Michelle Williams Court | 74 | 735 |
| Hon. David Sotelo | 40 | 414 | | Hon. Gail Ruderman Feuer | 78 | 730 |
| Hon. Holly E. Kendig | 42 | 416 | | | | |
| Hon. Mel Red Recana | 45 | 529 | | | | |
| Hon. Frederick C. Shaller | 46 | 500 | | | | |
| Hon. Randolph Hammock | 47 | 507 | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____

(Date)

SHERRI R. CARTER, Executive Officer/Clerk of Court

By _____, Deputy Clerk

LACIV 190 (Rev 12/17)    **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

### INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

#### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

#### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

#### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

#### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

#### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

#### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

#### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

#### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

#### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

#### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

#### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk s File Stamp |
|---|---|---|
| TELEPHONE NO :  FAX NO. (Optional)·<br>E-MAIL ADDRESS (Optional)<br>ATTORNEY FOR (Name) | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS

PLAINTIFF.

DEFENDANT.

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

iii.     Be filed within two (2) court days of receipt of the Request; and

iv.     Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.   No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.   If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.   If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.   If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.   The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.   Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.   Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.   References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____     ➤     _____
(TYPE OR PRINT NAME)                                        (ATTORNEY FOR PLAINTIFF)

Date: _____

_____     ➤     _____
(TYPE OR PRINT NAME)                                        (ATTORNEY FOR DEFENDANT)

Date: _____

_____     ➤     _____
(TYPE OR PRINT NAME)                                        (ATTORNEY FOR DEFENDANT)

Date: _____

_____     ➤     _____
(TYPE OR PRINT NAME)                                        (ATTORNEY FOR DEFENDANT)

Date: _____

_____     ➤     (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date: _____

_____     ➤     (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date: _____

_____     ➤     (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional) | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS

PLAINTIFF

DEFENDANT.

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

      discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

  h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

  i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
         (INSERT DATE)            (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date: _____

_____    ➤  _____
    (TYPE OR PRINT NAME)                (ATTORNEY FOR PLAINTIFF)
Date: _____

_____    ➤  _____
    (TYPE OR PRINT NAME)               (ATTORNEY FOR DEFENDANT)
Date: _____

_____    ➤  _____
    (TYPE OR PRINT NAME)               (ATTORNEY FOR DEFENDANT)
Date: _____

_____    ➤  _____
    (TYPE OR PRINT NAME)               (ATTORNEY FOR DEFENDANT)
Date: _____

_____    ➤  (ATTORNEY FOR _____ )
    (TYPE OR PRINT NAME)
Date: _____

_____    ➤  (ATTORNEY FOR _____ )
    (TYPE OR PRINT NAME)
Date: _____

_____    ➤  (ATTORNEY FOR _____ )
    (TYPE OR PRINT NAME)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:       FAX NO. (Optional).
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name)

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS

PLAINTIFF.

DEFENDANT

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER |
|---|---|

1. This document relates to:

   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request)

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.         FAX NO (Optional)<br>E-MAIL ADDRESS (Optional)<br>ATTORNEY FOR (Name) | | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | |
|---|---|
| COURTHOUSE ADDRESS | |
| PLAINTIFF | |
| DEFENDANT: | |

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE. | CASE NUMBER. |
|---|---|
|  |  |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**

- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR - ADR may not be suitable for every dispute.**

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

- **Arbitration**

  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

- **Mandatory Settlement Conference (MSC)**

  Settlement Conferences are appropriate in any case where settlement is an option. Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

  The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from Independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

  In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program.  Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at
http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Eugene Rome (SBN 232780)<br>Rome & Associates, APC<br>2029 Century Park East, Suite 450, Los Angeles, CA 90067 | **CONFORMED COPY**<br>OF ORIGINAL FILED<br>Los Angeles Superior Court |

TELEPHONE NO.: 310-282-0690   FAX NO.: 310-282-0691

ATTORNEY FOR (Name): Plaintiff Green Payment Solutions, LLC

JAN 19 2018

Sherri R. Carter, Executive Officer/Clerk

By Shaunya Bolden, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Green Payment Solutions, LLC v. First Data Merchant Services

| **CIVIL CASE COVER SHEET** | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ **Unlimited** (Amount demanded exceeds $25,000) ☐ **Limited** (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **BC 690563**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☑ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action (specify): 6: breach of contract; conversion; intentional interf; dec relief; ucl, account.
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: January 19, 2018
Eugene Rome
_____          _____
(TYPE OR PRINT NAME)                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET                          **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box** for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in Items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**                    **Page 2 of 2**

| SHORT TITLE: Green Payment Solutions, LLC v. First Data Merchant Services | CASE NUMBER BC 6 9 0 5 6 3 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

> **Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: Green Payment Solutions, LLC v. First Data Merchant Services | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☑ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: | Green Payment Solutions, LLC v. First Data Merchant Services | CASE NUMBER | |
|---|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name/Change of Gender<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: Green Payment Solutions, LLC v. First Data Merchant Services | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: 6400 Laurel Canyon Blvd. Suite 200 North Hollywood, CA 91606 |
|---|---|
| CITY: North Hollywood | STATE: CA | ZIP CODE: 91606 |

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the Central District _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: January 19, 2018

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4