Eugene Rome (SBN 232780)
erome@romeandassociates.com
Sridavi Ganesan (SBN 216129)
sganesan@romeandassociates.com
Brianna Dahlberg (SBN 280711)
bdahlberg@romeandassociates.com
**ROME & ASSOCIATES, A.P.C.**
2029 Century Park East, Suite 450
Los Angeles, CA  90067
Telephone:   310-282-0690
Facsimile:    310-282-0691

Attorneys for Plaintiff
GREEN PAYMENT SOLUTIONS, LLC,

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREEN PAYMENT SOLUTIONS, LLC,<br><br>           Plaintiff,<br><br>    v.<br><br>FIRST DATA MERCHANT SERVICES CORPORATION; WELLS FARGO BANK, N.A.; and Does 1 to 100,<br><br>           Defendants. | Case No. 2:18-cv-1463 DSF (ASx)<br><br>**PLAINTIFF GREEN PAYMENT SOLUTIONS, LLC'S REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' THIRD SUPPLEMENTAL DISCLOSURES** |
| FIRST DATA MERCHANT SERVICES LLC and WELLS FARGO BANK, N.A.<br><br>           Counter-Plaintiffs,<br><br>    v.<br><br>GREEN PAYMENT SOLUTIONS, LLC,<br><br>           Counter-Defendant. | Date:     July 1, 2019<br>Time:    1:30 p.m.<br>Place:   Courtroom 7D<br>Judge:  Hon. Dale S. Fischer<br><br>Discovery Cutoff Date: March 1, 2019<br>Pretrial Conference Date: October 21, 2019<br>Trial Date:  November 19, 2019 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants and Counter-Plaintiffs First Data Merchant Services LLC ("First Data") and Wells Fargo Bank, N.A. (collectively, "Defendants") incorrectly contend that their disclosure of new witnesses months after the close of fact discovery is not untimely because they disclosed the corporate entity, First Data, as a witness in their Initial Disclosures. Defendants' understanding of their disclosure obligations under Federal Rule of Civil Procedure ("Rule") 26 is mistaken. Merely disclosing a corporate entity without naming the specific individuals who have discoverable information is insufficient. Defendants failed to timely disclose their witnesses as required by Rule 26(e).

Defendants have failed to meet their burden of showing that their failure to timely disclose their witnesses is substantially justified or harmless. Defendants have indicated they intend to offer their new witnesses Erick Pofsky and Robert Thorne at trial as "damages fact witnesses" in lieu of experts.[1] Defendants obstructed discovery of their damages evidence and theories by producing an unprepared Rule 30(b)(6) designee, Nathaniel Farkas, on the very last day of fact discovery. Having made that choice, Defendants should not be permitted to use Mr. Pofsky and Mr. Thorne as "replacements" for Mr. Farkas to sandbag Plaintiff Green Payment Solutions, LLC ("Plaintiff") with new facts at trial or on summary judgment. Plaintiff has had no opportunity to depose Mr. Pofsky and Mr. Thorne, but even if the Court orders their depositions now the prejudice will not be fully cured because Plaintiff has already served its damages expert report without having

---

[1] Defendants assert that Plaintiff is seeking to preclude First Data from offering testimony at trial on any of the Rule 30(b)(6) topics on which Mr. Farkas was designated, but this is not correct. Opp. 2:6-8. If Mr. Farkas is unavailable at trial, First Data can offer testimony of its other witnesses who were timely disclosed. These witnesses include three other First Data representatives designated to testify on topics that overlap with Mr. Farkas' Rule 30(b)(6) topics. *See* Dkt. # 117-1 at 3-4.

the benefit of their testimony. Further, because fact discovery is long closed, Plaintiff will have no ability to conduct discovery into any new facts or damages theories offered by the new witnesses.

Accordingly, the Court should grant Plaintiff's Motion and strike Defendants' untimely Third Supplemental Disclosures.

## II. ARGUMENT

### A. Defendants' Disclosure of "First Data" as a Witness Does Not Excuse Their Untimely Disclosure of Mr. Pofsky and Mr. Thorne

Defendants argue that they were not required to identify Mr. Pofsky or Mr. Thorne in their disclosures because they are "merely corporate representatives" of First Data, and they disclosed First Data as a witness in their original Initial Disclosures. Defendants' argument fails because it is premised on an incorrect understanding of their initial disclosure obligations under Rule 26(a)(1).

First, Defendants were required to disclose the identity of "each individual" likely to have discoverable information that Defendants may use to support their claims or defenses. Fed. R. Civ. P. 26(a)(1)(A)(1) (emphasis added). Designating "corporate representatives" as a general category without naming specific individuals is not sufficient under Rule 26(a)(1). *Rogers v. Bank of America, N.A.*, No. 13-1333-CM-TJJ, 2014 WL 4681031, *6 (D. Kan. Sept. 19, 2014). To the extent Mr. Pofsky and Mr. Thorne have any discoverable information about First Data's damages or the other topics on which they are identified, Defendants were obligated to identify them by name in their disclosures in a timely manner. Defendants' failure to do so until two months after the close of discovery and after Plaintiff served its expert reports unfairly sandbags Plaintiff.

Second, Defendants' argument is premised on the incorrect assumption that at trial, corporate representative witnesses may be interchangeably substituted for one another in the same manner as Rule 30(b)(6) designees. Contrary to Defendants' view, however, a corporate entity cannot testify vicariously at trial through

designated agents who themselves lack personal knowledge. While a corporate entity's Rule 30(b)(6) designees may testify in a deposition as to matters on which they lack personal knowledge, courts in the Ninth Circuit have held that the same is not true at trial. *SEC v. Hemp, Inc.*, Case No. 2:16-cv-01413-JAD-PAL, 2018 WL 4566664, *3 (D. Nev. Sept. 24, 2018) (Rule 30(b)(6) is intended to streamline discovery but "does not allow corporations to use this shortcut outside of this specialized deposition procedure"); *Roundtree v. Chase Bank USA, N.A.*, No. 13-239 MJP, 2014 WL 2480259 (W. D. Wash. June 3, 2014) (Rule 30(b)(6) is a "discovery rule applicable when a party wishes to depose an organization" and is "inapplicable to the issue of witness testimony at trial."); *see also Union Pump Co. v. Centrifugal Tech. Inc.*, 404 F. App'x 899, 908 (5th Cir. 2010) ("a corporate representative may not testify to matters outside his own personal knowledge to the extent that information [is] hearsay not falling within one of the authorized exceptions."); *L-3 Communications Corp. v. OSI Sys.*, *Inc.*, No. 02 Civ. 9144 (PAC), 2006 WL 988143, *2 (S.D.N.Y. April 13, 2006) (at trial, party may only offer testimony of Rule 30(b)(6) witness based on his personal knowledge and in compliance with F.R.E. 701).

Accordingly, to the extent that Defendants' statement that Mr. Pofsky and Mr. Thorne are "mere corporate representatives" means that they do not have firsthand personal knowledge about the matters on which they are identified, Defendants cannot properly offer them as witnesses at trial. To the extent they *do* have personal knowledge or involvement in the events at issue, they should have been specifically disclosed by name in their Initial Disclosures. Merely identifying "First Data" as a witness does not comply with Rule 26(a).

### B. Defendants' Third Supplemental Disclosures Are Untimely Because They Were Served Two Months after Fact Discovery

Next, Defendants confusingly argue that their Third Supplemental Disclosures were *not* untimely, even though they were served two months after the

fact discovery cut-off, because "this case is still in the discovery phase" and "the final discovery cut-off is not until July 1, 2019." Opp. at 6:15-16. However, Defendants omit that the "final discovery cut-off" they refer to is the expert discovery cut-off. The expert discovery cut-off is irrelevant to this Motion because Mr. Pofsky and Mr. Thorne were not disclosed as experts. Defendants cannot reasonably dispute that they served their Third Supplemental Disclosures two months after the fact discovery cut-off.

Accordingly, their disclosures are presumptively untimely and the burden shifts to Defendants to show that the failure to disclose their witnesses was substantially justified or harmless. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp*., 259 F.3d 1101, 1106 (9th Cir. 2001).

### C. <u>The Cases on Which Defendants Rely Are Distinguishable</u>

Defendants have failed to meet their burden of showing that their untimeliness was substantially justified or harmless. Notably, the factual circumstances in the cases on which they rely are distinguishable from the circumstances here.

For example, in *Ashman v. Solectron*, the substance of the untimely disclosed witnesses' testimony was entirely foreseeable because they had provided declaration testimony. No. CV 08-1430 JF, 2010 WL 3069314, *5 (N.D. Cal. Aug. 4, 2010). In *Obesity Research Institute v. Fiber Research Int'l*, the newly disclosed witnesses who were permitted to testify were either affiliated with the party moving to strike, or were previously deposed or subpoenaed. No. 15-cv-0595-BAS-MDD, 2016 WL 1394280, *3 (S.D.Cal. April 8, 2016). By contrast, here Mr. Pofsky and Mr. Thorne are representatives of First Data, not of Plaintiff, and they have never been deposed or provided any declaration testimony. Plaintiff has no information about them—not even their titles—or the substance of their proposed testimony.

Moreover, like the new witnesses who were excluded in *Obesity Research*, the list of topics on which Mr. Pofsky and Mr. Thorne have information is "too

general to provide any value." *Id.* at *4; *see* Dkt. # 117-1 at 4:8-15 (disclosing Mr. Pofsky and Mr. Thorne on "First Data's damages; Defendants' defenses to Plaintiff's Complaint; the allegations contained in Defendants' operative Counterclaim; the allegations contained in Plaintiff's Complaint; and Plaintiff's purported damages."). Further, while Defendants contend that they disclosed Mr. Pofsky and Mr. Thorne "as soon as possible" [Opp. at 6:113] they offer no declaration testimony or other evidence in support of this statement.

Even in cases where courts have found replacement of corporate representatives to be substantially justified or harmless, those courts have imposed limiting conditions to minimize the unfair prejudice and surprise to the opposing party. In each of the cases cited by Defendants, the moving party was permitted to depose the new witnesses. *See, e.g., Ruzhinkskaya v. Healthport Tech., LLC*, 14 Civ. 2921 (PAE), 2016 WL 7388371, *7 (S.D.N.Y. Dec. 20, 2016) (ordering deposition to occur at place of moving party's choosing, with cost shared between two sides); *Coach, Inc. v. Visitors Flea Market, LLC*, No. 6:11-CV-1905-ORL-22, 2014 WL 2612036, *3; *Capitol Records, Inc. v. MP3tunes, LLC*, No. 07 CIV. 9931 WHP, 2014 WL 503959, *11 (S.D.N.Y. Jan. 29, 2014); *Kamantani v. BenQ Inc.*, No. 2:03-CV-437 (TJW), 2006 WL 47554, *2 (E.D. Tex. Jan. 6, 2006). In *Ruzhinkskaya*, the court further expressly ordered that it "will not permit a new Rule 30(b)(6) witness to repudiate a previous such witness' testimony," and also cautioned that the new witnesses were limited to testifying to information based on their own personal knowledge. 2016 WL 738837 at *7. And, in *Kamantani*, the Court enforced an agreement between the parties that the new witnesses' testimony would be limited to what was disclosed in prior Rule 30(b)(6) depositions. 2006 WL 47554, *3.

In the event the Court is inclined to allow Mr. Pofsky and Mr. Thorne to testify, the Court should impose similar measures to reduce the unfair prejudice and surprise to Plaintiff. The new witnesses should not be permitted to testify to any facts that Mr. Farkas professed not to know at his Rule 30(b)(6) deposition. In

particular, given that Defendants intend to use Mr. Pofsky and Mr. Thorne as "damages fact witnesses" in lieu of experts, it would be unfairly prejudicial to permit Defendants to use these new witnesses to introduce new damages evidence or theories, given that Plaintiff has no ability to conduct any follow-up fact discovery. *See Hasbro, Inc. v. Sweetpea Ent., Inc.*, Case No. CV 13-3406, *6, 2014 WL 12561624 (C.D. Cal. March 18, 2014) (excluding damages evidence at summary judgment stage that was not timely disclosed in compliance with Rule 26(e), where taking expert's deposition would not cure prejudice because party no longer had ability to conduct fact discovery relevant to new damages theories).

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion should be granted. The Court should strike Defendants' Third Supplemental Disclosures and preclude Defendants from using Mr. Pofsky or Mr. Thorne to offer to supply evidence on a motion, at a hearing, or at trial. In the alternative, if Mr. Pofsky and Mr. Thorne are permitted to testify, the Court should (1) permit Plaintiff to take their depositions first, at a location of Plaintiff's choosing with the reporter costs split between the parties; and (2) expressly limit their new testimony to facts disclosed by Mr. Farkas in his Rule 30(b)(6) deposition (*i.e.*, Mr. Pofsky and Mr. Thorne should not be permitted to supply facts that Mr. Farkas professed not to know, either at trial or on summary judgment).

DATED: June 17, 2019  **ROME & ASSOCIATES, A.P.C.**

By: */s/ Brianna Dahlberg*
Brianna Dahlberg
Attorneys for Plaintiff / Counter-Defendant
**GREEN PAYMENT SOLUTIONS, LLC**