Eugene Rome (SBN 232780)
erome@romeandassociates.com
Sridavi Ganesan (SBN 216129)
sganesan@romeandassociates.com
Brianna Dahlberg (SBN 280711)
bdahlberg@romeandassociates.com
**ROME & ASSOCIATES, A.P.C.**
2029 Century Park East, Suite 450
Los Angeles, CA  90067
Telephone:   310-282-0690
Facsimile:    310-282-0691

Attorneys for Plaintiff
GREEN PAYMENT SOLUTIONS, LLC,

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREEN PAYMENT SOLUTIONS, LLC,<br><br>             Plaintiff,<br><br>     v.<br><br>FIRST DATA MERCHANT SERVICES CORPORATION; WELLS FARGO BANK, N.A.; and Does 1 to 100,<br><br>             Defendants.<br><br>FIRST DATA MERCHANT SERVICES LLC and WELLS FARGO BANK, N.A.<br><br>             Counter-Plaintiffs,<br><br>     v.<br><br>GREEN PAYMENT SOLUTIONS, LLC,<br><br>             Counter-Defendant. | Case No. 2:18-cv-1463 DSF (ASx)<br><br>**PLAINTIFF GREEN PAYMENT SOLUTIONS, LLC'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:        July 29, 2019<br>Time:       1:30 p.m.<br>Place:       Courtroom 7D<br>Judge:      Hon. Dale S. Fischer |

Pursuant to Central District Local Rule 56-1, Plaintiff and Counter-Defendant Green Payment Solutions, LLC ("Plaintiff") hereby submits the following Statement of Uncontroverted Facts and Conclusions of Law in support of its Motion for Partial Summary Judgment ("Motion").

| Uncontroverted Fact | Supporting Evidence |
|---|---|
| 1. Plaintiff is an Independent Sales Organization ("ISO"), an entity which solicits merchants to sign up for credit card processing services with payment processors, such as First Data, in exchange for residual payments paid out of the revenue the processors receive from the merchants Plaintiff refers. | Declaration of Richard Cha ("Cha Decl."), ¶ 1. |
| 2. In 2011 Plaintiff entered into to a Marketing Agreement with Defendants to solicit prospective merchants to open accounts with Defendants. | Cha Decl., ¶ 3 & Ex. A thereto ("Marketing Agreement"). |
| 3. From 2011 to November 2017, Plaintiff referred merchants to open payment processing accounts with Defendants pursuant to the Marketing Agreement. | Cha Decl., ¶ 4. |
| 4. As of November 2017, Plaintiff had built up a portfolio of over 600 merchant accounts processing with | |

| | | |
|---|---|---|
| 1 | Defendants. | |
| 2-5 | 5. On or about November 29, 2017, First Data sent Plaintiff notice that it was terminating the Marketing Agreement for cause. | Cha Decl., ¶ 5 & Ex. B thereto ("Notice of Termination"). |
| 6-11 | 6. In the notice, First Data asserted that during a recent audit, it had discovered that Plaintiff recently boarded approximately 57 "high risk" merchant accounts in violation of the Marketing Agreement and Card Brand rules. | Notice of Termination, 1. |
| 12-18 | 7. Plaintiff alleges that the termination was based upon a fabricated pretext in response to its attempt to negotiate better rates, and in anticipation that Plaintiff would likely opt not to renew the Marketing Agreement at the end of its term. | Complaint (Dkt. # 1-1), ¶ 23. |
| 19-22 | 8. In the termination notice, First Data informed Plaintiff that it would no longer be paid residuals for the merchant accounts it had referred. | Notice of Termination, 1-2. |
| 23-26 | 9. On January 19, 2018 Plaintiff filed this action alleging claims for breach of the Marketing Agreement and other causes of action. | Complaint. |

| | | |
|---|---|---|
| 1<br>2<br>3 | 10. On November 8, 2018, Defendants filed their Second Amended Counterclaim against Plaintiff. | Second Amended Counterclaim ("SAC") (Dkt. # 49). |
| 4<br>5<br>6<br>7 | 11. Count II of the SAC alleges that Plaintiff had breached the non-solicitation provision of the Marketing Agreement. | SAC ¶¶ 25, 36-41. |
| 8<br>9<br>10 | 12. That non-solicitation provision, found in Section 2(j) of the Marketing Agreement, provides: | Marketing Agreement, Section 2(j). |

> During the term of this Agreement, ISO covenants and agrees that it will not, directly or indirectly, on behalf of itself or any other person or entity, perform Bank Card processing services for any of the Merchants developed by ISO pursuant to this Agreement, or contact or solicit any such Merchant for the purpose of providing Bank Card processing services (the "Nonsolicitation Obligation"). Notwithstanding any other provisions in this Agreement, if, without any action or conduct, direct or indirect, by ISO or any of its employees, agents, IC's, Other MSP's, subsidiaries or principals, a Merchant initiates a request to ISO to move its Bank Card processing services to another processor, then ISO's involvement in moving said Merchant shall not be a violation of this section or any other section of this Agreement. ISO must provide Service Providers with written notice of any

3
GREEN PAYMENT SOLUTIONS, LLC'S OPPOSITION TO MOTION FOR LEAVE TO FILE SECOND AMENDED COUNTERCLAIM

| | |
|---|---|
| such written request and Service Providers have the right to intervene to try and save the Merchant for ten (10) days after the written notice from ISO to Service Providers before ISO may re-sign the Merchant with another processor. Any such movement of a Merchant by ISO shall be only for good cause (i.e. the Merchant no longer wishes to process through Service Providers) and is only for the occasional good faith movement of Merchants and not to be used to move large numbers of Merchants. | |
| 13. Section 18(d)(iv) of the Marketing Agreement provides that the ISO must comply with the non-solicitation provision for a period of 36 months after termination, if Defendants terminate the Marketing Agreement under Sections 18(b)(i), 18(b)(ii), 18(b)(iii), or 18(b)(v):<br><br>ISO shall continue to comply with the Nonsolicitation Obligation after the effective date of nonrenewal or termination of this Agreement until such time as Service Providers cease making residual payments to ISO under Section 9; provided, however, that if Service Providers terminate this Agreement pursuant to Section 18(b)(i), 18(b)(ii), 18(b)(iii) or 18(b)(v), then ISO's obligation to comply with the Nonsolicitation Obligation will continue for | Marketing Agreement, Section 18(d)(iv). |

| | | |
|---|---|---|
| | thirty-six (36) months after the effective date of nonrenewal or termination of this Agreement. | |
| 14. | Section 18(b) provides that Defendants shall have the right to immediately terminate the Marketing Agreement by written notice upon the occurrence of any of the following:<br><br>. . . (i) Material breach of this Agreement by ISO which is not cured by ISO within thirty (30) days of receipt of written notice from Service Providers;<br><br>(ii) Repeated breach of any Rule by ISO, or breach of any Material Rule by ISO;<br><br>(iii) Fraudulent activity by ISO;"<br><br>. . . .<br><br>(v) Termination of the Bank's relationship with [First Data] generally or with respect to ISO . . . . | Marketing Agreement, Section 18(b). |
| 15. | The "Rules" referenced in the Marketing Agreement are the "bylaws, rules, operational regulations, procedures and guidelines promulgated by MasterCard, VISA" or other bank card associations or organizations. | Marketing Agreement, Section 1, definition of "Rules." |
| 16. | The Marketing Agreement further states that it is "governed by and | Marketing Agreement, Section 33. |

| | | |
|---|---|---|
| | construed in accordance with the laws of the State of New York without giving effect to its conflict of law principles." | |
| 17. | Defendants allege in Count II of their Second Amended Counterclaim that Plaintiff breached the Marketing Agreement by (a) actively soliciting merchants to contract with other processors and (b) failing to provide Defendants with written notice of any request by any merchants to switch processors, in violation of the non-solicitation provision. | SAC, ¶ 38. |
| 18. | None of the parties to the Marketing Agreement are incorporated or have their principal place of business in New York. | SAC, ¶¶ 1-2 (First Data is a Florida LLC with its principal place of business in Georgia; Wells Fargo is a national banking association with its main office in South Dakota); Cha Decl., ¶ 2 (Plaintiff is a California LLC with its principal place of business in California). |
| 19. | Plaintiff is a California limited liability company, with its main office in California. | Cha Decl., ¶ 2. |
| 20. | The Marketing Agreement contains a separate restrictive covenant relating to | Marketing Agreement, Section 5. |

| | |
|---|---|
| trade secrets and confidential information, distinct from the non-solicitation provision. | |

## CONCLUSIONS OF LAW

**Count II of Defendants' Counterclaim – BREACH OF CONTRACT**

1. California law governs the non-solicitation provision in the Marketing Agreement.

2. Plaintiff is entitled to summary judgment on Defendants' Court II for breach of contract because the non-solicitation provision is void and unenforceable under California Business and Professions Code § 16600.

DATED: June 24, 2019     **ROME & ASSOCIATES, A.P.C.**

By: */s/ Brianna Dahlberg*
Brianna Dahlberg
Attorneys for Plaintiff / Counter-Defendant
**GREEN PAYMENT SOLUTIONS, LLC**